In the Matter of the Claim of FRANK A. LEMLEY, Respondent, *v.* STATE MUTUAL LIFE ASSURANCE COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 6, 1965.

*Joseph Dean Edwards* and *Anne M. Powell* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* and *Henriette Frieder* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, J. This appeal questions the board's finding that a claim for disability benefits was timely filed.

The claimant contracted pneumonia on September 14, 1962 and his employer continued paying him full wages until November 30, 1962, the disability continuing after that date. Thereafter, the claimant sent in the required form with the physician's supporting statement for continued benefits which was rejected on March 25, 1963 on the grounds that it was not filed within the 26-week limitation as required by subdivision 1 of section 217 of the Workmen's Compensation Law.

The board found that the disability occurred on December 3, 1962 " when claimant was first entitled to disability benefits " and that therefore the proof of claim was timely filed on March 25, 1963. We do not determine that issue, however, in this case of first impression as there seems warrant for a finding of an advance payment of compensation which would toll the limitation and authorized reimbursement (*Matter of Weintraub* v. *Miller & Weintraub*, 11 N Y 2d 860) but the determination of these questions is for the board and we accordingly remit.

The Disability Benefits Law, contained within the Workmen's Compensation Law, is entitled to the same liberal interpretation, both being social legislation. In a similar situation involving compensation rights, full salary payment by the employer was considered advance payment of compensation so that the claim was not barred by failing to file within the prescribed time. (See *Matter of Crook* v. *De Laval Separator Co.*, 3 A D 2d 773; *Matter of Weintraub* v. *Miller & Weintraub, supra.*)

The payment of full wages herein may well have constituted an advance payment of disability benefits thus coming within the purport of subdivision 5 of section 217, which tempers the harshness of subdivision 1 thereof. Subdivision 5 reads: " If benefits required to be paid by this article have been paid to an employee, further payments for the same disability shall not be barred solely because of failure to give notice or to file proof of disability for the period or periods for which such benefits have been paid."

If the payment of full wages herein constituted an advance payment of disability benefits, the filing of the claim was timely, being within 26 weeks of the termination of such payments.

The board, however, did not place its decision on this ground and which, upon remission, will require a finding of fact as to the employer's intent in making the salary payments (see *Crook, supra*). Under such circumstances, the employer would be entitled to submit a claim for reimbursements, if so advised, which the board would of necessity consider.

The decision should be reversed, and matter remitted to the Workmen's Compensation Board for further proceedings.

GIBSON, P. J., REYNOLDS, TAYLOR and HAMM, JJ., concur.

Decision reversed, without costs, and matter remitted to the Workmen's Compensation Board for further proceedings in accordance herewith.